IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| DONNELLY J. LEBLANC, | : | NO. 2:09-cv-3357 |
| Petitioner | : | |
| | : | |
| VS. | : | |
| | : | |
| WARDEN VINCENT GUARINI, et al | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

**JACOB P. HART**
**UNITED STATES MAGISTRATE JUDGE**                    **October 7, 2009**

   This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by an individual who is currently incarcerated in the Lancaster County Prison in Lancaster, Pennsylvania. For the reasons that follow, I recommend that the petition be denied without prejudice.

**FACTS AND PROCEDURAL HISTORY:**

   Following a jury trial, presided over by the Honorable Jeffrey D. Wright of the Court of Common Pleas of Lancaster County, on July 15, 2009, Petitioner, Donnelly LeBlanc, was found guilty of charges including sexual assault, corruption of minors and indecent assault. The charges stem from offenses which occurred between November 2007 and January 2008 against a thirteen year old victim. On September 22, 2009, Robert Stein, Ph.D. of the Sexual Offenders Assessment Board issued a report, in which he determined that LeBlanc satisfies the criteria and is properly classified as a sexually violent predator. The Court has delayed sentencing to allow the defense to conduct their own assessment as to whether LeBlanc meets the criteria for sexually violent predator status.

Accordingly, LeBlanc has not yet been sentenced.  He has not filed post-trial motions, a direct appeal or any state collateral proceedings.  However, on July 22, 2009, he filed the instant Petition for Writ of Habeas Corpus in Federal Court raising the following claims: (1) the arresting officer falsified claims and withheld exculpatory evidence; (2) the prosecution continued even after competent forensics expert's testimony that victim's claim was false; (3) he was denied cross examination; and (4) exclusion of evidence by court appointed counsel.

**DISCUSSION:**

Absent unusual circumstances, the federal court will not consider the merits of a habeas corpus petition unless the petitioner has complied with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A).  Exhaustion requires that the state courts be given a full and fair opportunity to address the Petitioner's claims.  See Edwards v. Carpenter, 529 U.S. 446, 451 (2000)(citing Murray v. Carrier, 477 U.S. 478, 488-89(1986)).  A petitioner is not deemed to have exhausted the remedies available to him if he has a right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c); Castille v. Peoples, 489 U.S. 346, 350 (1989).  In other words, a petitioner must invoke "one complete round of the State's established review process" before he may assert the claim on federal habeas review.  O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732 (1999).  A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, which demands, in turn, that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts.  Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982).  In the case of an unexhausted petition, the federal courts should dismiss without prejudice, otherwise they risk depriving state courts of the "opportunity to correct their own errors, if any."  Toulson v. Beyer, 987 F.2d 984, 989 (3d Cir. 1993).

In the case before the Court, LeBlanc has failed to exhaust his habeas claims in the state court. The state conviction which Petitioner challenges in the instant petition is not final for the purpose of filing a petition for writ of habeas corpus under 28 U.S.C. § 2254. See Kapral v. United States, 166 F.3d 565, 575 (3d Cir.1999) (a conviction becomes final for purposes of filing habeas petition or other collateral attack on the conviction or sentence either when the Supreme Court denies certiorari or the time to file a petition for certiorari expires). LeBlanc has not even been sentenced and he has not filed a direct appeal raising these or any claims. He also will have the opportunity to file a petition for state collateral relief.

LeBlanc is not foreclosed from obtaining further state or federal review. In fact, his time for doing so has not begun. The PCRA states that "[a]ny petition under this subchapter . . . shall be filed within one year of the date the judgment becomes final . . ." 42 Pa. Cons. Stat. Ann. § 9545(b) (1998). As petitioner's conviction has not yet become final, he still has time to file post-trial motions, a direct appeal and to seek collateral review in state court. In turn, once petitioner has fully exhausted his habeas claims at the state trial and appellate levels, he may, if necessary, return in a timely fashion to file a petition for federal habeas corpus review. In pursuing his appeals, LeBlanc must be aware of the time limitations imposed by both the Post Conviction Relief Act, 42 Pa.C.S.A. § 9545(b) (imposing a one year statute of limitations), and the statute governing habeas corpus, 28 U.S.C. § 2244(d) (imposing a one year limitations period, but excepting the time during which a properly filed PCRA petition is pending).

Because the conviction Petitioner challenges is not final, the one-year statute of limitations has not yet begun to run. See 28 U.S.C. § 2244(d)(1)(A) (one year period of limitation applying to a petition for a writ of habeas corpus by a person challenging the judgment of a state court runs from

the latest of four dates, including the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review). As this is not a "mixed" petition and good cause for a stay and abeyance is not present, a stay is not warranted. See Rhines v. Weber, 544 U.S. 269, 274-79, 125 S.Ct. 1528 (2005). Since LeBlanc's state conviction is not final on direct review, the instant § 2254 Petition is premature. Therefore, this court recommends that the petition be dismissed without prejudice as premature and with a recommendation to petitioner to pursue state court remedies once they are available.

Therefore, I make the following:

## R E C O M M E N D A T I O N

AND NOW, this 6th day of October, 2009, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be dismissed without prejudice. There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

/s/*Jacob P. Hart*

_____

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

4

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA


DONNELLY J. LEBLANC,        :     NO. 2:09-cv-3357
     Petitioner          :
                    :
     vs.             :
                    :
WARDEN VINCENT GUARINI, et al   :
     Respondents     :

## O R D E R

JOEL H. SMOLSKY, J.,

        AND NOW, this         day of             , 2009, upon careful

and independent consideration of the petition for writ of habeas corpus, and after review of the Report

and Recommendation of United States Magistrate Judge Jacob P. Hart, IT IS ORDERED that:

     1.  The Report and Recommendation is APPROVED and ADOPTED.

     2. The petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE.

     3.  There is <u>no</u> basis for the issuance of a certificate of appealability.


               BY THE COURT:



               _____

                 JOEL H. SMOLSKY, J.