IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONNELLY J. LEBLANC, | : |
| Petitioner, | : CIVIL ACTION |
| v. | : |
| | : NO. 09–3357 |
| WARDEN VINCENT GUARINI, et al., | : FILED NOV 30 2009 |
| Respondents. | : |

## ORDER

**AND NOW**, this 30th day of November 2009, upon consideration of the Petition for the Writ of Habeas Corpus (the "Petition") (Docket No. 1), Petitioner's Supplemental Brief of Fact (Docket No. 3), Petitioner's Motion for Rule of Exception (Docket No. 4), Amended Petition for the Writ of Habeas Corpus (Docket No. 7), Respondent District Attorney's Response to the Writ of Habeas Corpus (Docket No. 11), the Report and Recommendation filed by United States Magistrate Judge Jacob P. Hart (Docket No. 12), and Petitioner's Reply to Respondent's Response to the Writ of Habeas Corpus (Docket No. 13), and after an independent review of the pertinent record, it is **ORDERED** that:

1. The Report and Recommendation of Magistrate Judge Hart is APPROVED and ADOPTED. The Court agrees with the Report and Recommendation that the Petition should be denied without prejudice because Petitioner has failed to comply with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under state law to raise, by any available procedure, the question presented. In this case, Petitioner has failed to exhaust his habeas claims in the state court.

ENTERED
NOV 30 2009
CLERK OF COURT

Petitioner has not yet been sentenced, and he has not yet filed a direct appeal raising any of the claims set forth in the Petition. Since Petitioner's state conviction is not final, the § 2254 Petition is premature and must be dismissed.

2. The Petition for the Writ of Habeas Corpus (Docket No. 1) is DENIED.

3. All outstanding motions are DENIED as moot.

4. Defendant has neither shown a denial of a constitutional right, nor established that reasonable jurists would disagree with this Court's disposition of his claims. Consequently, a certificate of appealability is DENIED.

5. The Clerk's Office shall close this case.

BY THE COURT:

*Joel Slomsky*
JOEL H. SLOMSKY, J.